IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN LIGHT, Individually and on Behalf of All Others Similarly Situated,<br><br>       *Plaintiff*,<br><br>    v.<br><br>THE HONORABLE COLLEEN C. DAVIS, State Treasurer of the State of Delaware, and BRENDA MAYRACK, ESQ., State Escheator and Director, Office of Unclaimed Property,<br><br>       *Defendants*. | C.A. No. _____ |

## CLASS ACTION COMPLAINT

Plaintiff John Light ("Plaintiff"), individually on his own behalf and on behalf of a Class of persons defined below, complains against Defendants The Honorable Colleen C. Davis, State Treasurer of the State of Delaware, and Brenda Mayrack, Esq., State Escheator and Director, Office of Unclaimed Property, as follows:

## INTRODUCTION

1. Plaintiff brings this action to challenge the constitutionality of the Delaware Unclaimed Property statute, 12 *Del. C.* § 1130, *et seq.* (the "Act"), under the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 8 of the Delaware Constitution of 1897 (as amended) (the "Delaware Constitution").

2. The Act authorizes and requires the State of Delaware to take and hold for public use private property that is presumed to be abandoned under the Act without paying just compensation to the owners thereof.

3. The Takings Clause of the Fifth Amendment prohibits the government from taking

1

or using private property for public use without just compensation to the property owner.

4. Art. I, § 8 of the Delaware Constitution likewise prohibits the State from taking a person's property or applying it to public use without their consent and without compensation being made: "nor shall any person's property be taken or applied to public use without the consent of his or her representatives, and without compensation being made."

5. As protected by the Fifth Amendment and Art. I, § 8 of the Delaware Constitution, just compensation means the full monetary equivalent of the property taken from its owner or another who is entitled to the property, including the benefit of the use of that property by the State.

6. The Fifth Amendment and Art. I, § 8 of the Delaware Constitution protect not only the principal of unclaimed property in the custody of the State, but also the time-value of the property.

7. At a minimum, just compensation requires that the owners and others entitled to claim property that is "unclaimed" or "presumed abandoned" are entitled to receive back from the State the so-called "time value" of their property for as long as the property is in the possession or control of the State and used by the State for governmental or public purposes.

8. However, the Act prohibits the accrual and payment of interest over and above the original amount of the unclaimed property received by the State Escheator to the owner or person entitled to recover the unclaimed property, and does not otherwise provide for the payment of dividends, accruals, earnings, investment returns, and other benefits earned on and from, or just compensation for, unclaimed or abandoned property for public purposes to the owner thereof.

9. The Act thus violates the Takings Clause of the Fifth Amendment and Art. I, § 8 of the Delaware Constitution because it denies just compensation to the owner or person entitled to

recover the unclaimed property.

10. As alleged below, the State Escheator does not pay interest, dividends, accruals, earnings, investment returns, or other benefits above the original amount of the unclaimed property to the owner or person entitled to recover the unclaimed property.

## PARTIES

11. Plaintiff is and has been at all relevant times a citizen and resident of New Castle County, State of Delaware. Plaintiff is the "owner" of certain "property" as those terms are defined in 12 *Del. C.* §§ 1130(17) and (19), that is "presumed abandoned" under 12 *Del. C.* § 1133 and, pursuant to the Act, currently is held in custody by the State Escheator.

12. Defendant The Honorable Colleen C. Davis is the State Treasurer of Delaware ("State Treasurer" or "Defendant Davis"). In that position, Defendant Davis, or any predecessor or successor in that position, is and has been in charge of supervising and administering the Act.

13. Defendant Brenda Mayrack, Esq. is the State Escheator and Director, Office of Unclaimed Property in the Delaware Department of Finance ("State Escheator" or "Defendant Mayrack").

14. In that position, pursuant to the Act, Defendant Mayrack, or any predecessor or successor in that position, is and has been in charge of supervising and administering the Act.

15. Plaintiff sues Defendant Davis and Mayrack in their official capacity. In that capacity, Defendants Davis and Mayrack reside in this District and are subject to suit in this District.

## JURISDICTION AND VENUE

16. The claims in this Complaint arise under the Fifth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983. As such, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). In addition, Count I of this Complaint

involves a claim for a Declaratory Judgment under 28 U.S.C. § 2201, *et seq*.

17. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claim under Art. I, § 8 of the Delaware Constitution, which is so related to Plaintiff's claim under the Fifth Amendment that they form part of the same case or controversy under Article III of the United States Constitution.

18. Venue is proper in this District because Defendants are deemed to reside in and are subject to suit in this District, and because all or a substantial portion of the events giving rise to the claims asserted here occurred in this District.

## STATEMENT OF FACTS

**The Act and Its Operation**

19. The Act applies to unclaimed or abandoned personal property that is held by a third party, for example, a bank, insurance company, corporation, or public utility. Under Section 1133 of the Act, 12 *Del. C.* § 1133, such property is "presumed abandoned" if the owner, as defined in the Act, has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property within certain time limits provided in the Act. Property that is "presumed abandoned" must be delivered to the State Escheator's custody. Property subject to the Act is referred to interchangeably herein as "abandoned property" or "unclaimed property."

20. The Act allows the State rather than the holder of abandoned property to acquire custody of and use the property before it is reunited with its owner and also provides a mechanism to reunite owners with their unclaimed property.

21. Abandoned or unclaimed property refers to property held by any person who is not the owner of the property, which the owner has abandoned or as to which there has been no contact with the owner for the relevant dormancy period specified in Section 1133 of the Act, 12 *Del. C.*

4

§ 1133. Under Section 1130(19)(a) of the Act, 12 *Del. C.* § 1130(19)(a), unclaimed or abandoned property also includes all income from or increments to the property.

22. Common types of abandoned or unclaimed property include checking and savings accounts, virtual currency, uncashed wage and payroll checks, uncashed stock dividend checks, stock certificates, insurance payments, utility deposits, customer deposits, accounts payable, credit balances, refund checks, money orders, traveler's checks, uncashed death benefit checks, unused gift cards, and life insurance proceeds.

23. Pursuant to § 1141 of the Act, 12 *Del. C.* § 1141, if the holder's records disclose no name and address for an owner, under the so-called "secondary rule," abandoned property escheats to the state in which the holder is incorporated.

24. Because Delaware is the state of incorporation of a large number of banks, insurance companies, and other financial institutions, a significant amount of abandoned property escheats to Delaware under the "secondary rule."

25. As a result, the State of Delaware receives a disproportionate share of abandoned property generated in the United States. Approximately 90 percent of the unclaimed property escheats to the State under the "secondary rule" because the owner's name and address are unknown.

26. Unclaimed property is Delaware's third largest revenue source. The State collects hundreds of millions of dollars in unclaimed or abandoned property annually but returns just a fraction of that amount to the property owners.

27. The State retains and uses the interest, dividends, accruals, earnings, investment returns, and other benefits earned on and from unclaimed property for public purposes.

28. For example, under Section 1183 of the Act, 12 *Del. C.* § 1183, when the State

seeks unclaimed property from the holder, the State Escheator is entitled to collect interest from the holder on all outstanding unpaid amounts accruing at the rate of 0.5 percent per month from the date the amounts or property were due to the State until paid by the holder thereof.

29. Upon information and belief, the State Escheator does not pay interest, dividends, accruals, earnings, investment returns, or other benefits above the original amount of the unclaimed property to the owner or person entitled to recover the unclaimed property.

30. The State deprives Plaintiff and all other Class members of just compensation on unclaimed or abandoned property it uses for public purposes.

31. Section 1140 of the Act, 12 *Del. C.* § 1140, authorizes and empowers the State Escheator to take custody of property that is presumed abandoned, wherever located, whenever the last known address of the owner shown on the records of the holder is in the State of Delaware.

32. Under and pursuant to the authority and power conferred by Section 1140 of the Act, the State Escheator takes custody of property that is presumed abandoned, wherever located, whenever the last known address of the owner shown on the records of the holder is in the State of Delaware.

33. Under Section 1163 of the Act, 12 *Del. C.* § 1163, the State Escheator is required to pay all unclaimed property to the General Fund. Unclaimed property in the General Fund is invested alongside the State's General Fund, and thus earns interest, dividends, accruals, earnings, investment returns, and other benefits, and is freely used to fund the State's general obligations. The State otherwise pays interest at market rates to borrow money to fund its general obligations.

34. The Takings Clause of the Fifth Amendment to the United States Constitution prohibits the government from taking or using private property for public use without just compensation to the property owner.

35. Art. I, § 8 of the Delaware Constitution likewise prohibits the government from taking or using private property for public use without just compensation to the property owner.

36. Under Section 1165 of the Act, 12 *Del. C.* § 1165, the owner or any other person claiming an interest in any unclaimed property paid or delivered to the State Escheator may file a claim with the State Escheator for return of the property or for the proceeds from the sale of the property.

37. However, under Section 1154 of the Act, 12 *Del. C.* § 1154, the owner of or person entitled to recover unclaimed or abandoned property is not entitled to interest on or just compensation for such property whenever it is reported to the State Escheator, and even cuts off that person's pre-existing right to interest: "no person entitled to or owner of property shall be entitled to receive interest on account of such property from and after the date a report of such property is made to the State Escheator under this chapter whether or not the person was entitled to interest on such property prior to such date."

38. Section 1154 of the Act, 12 *Del. C.* § 1154, expressly prohibits the payment of interest on abandoned property as soon as it is reported to the State Escheator and expressly divests any prior right of the owner of or person entitled to abandoned property to interest thereon.

39. Under Section 1160 of the Act, 12 *Del. C.* § 1160, for example, the rightful owner or person entitled to abandoned or unclaimed dividend- or interest-bearing securities prior to its conversion to cash is entitled to any dividends or interest that accrues up to the time the claim is paid. However, with respect to all other presumed abandoned or unclaimed property the Act does not provide for compensation to any owner for the State taking of the fruits of the abandoned property and the use of that property to fund State obligations during the period it is in the State's custody.

40. Accordingly, the Act effectively provides the State Escheator, the State Treasurer, and the State with an interest-free loan of unclaimed private property funds that the Act directs to be co-mingled with the State's General Fund while in the Treasurer's custody, without providing any just compensation to claiming property owners for the state's use of those private property funds while in the Treasurer's custody.

41. Under Section 1163 of the Act, 12 *Del. C.* § 1163, unclaimed property or the proceeds therefrom are used for the public good until the property or proceeds are recovered by the rightful owner or person entitled thereto.

42. The Fifth Amendment of the United States Constitution requires the State to pay just compensation to the owners and others entitled to claim unclaimed or abandoned property that has been escheated to the State.

43. Art. I, § 8 of the Delaware Constitution likewise requires the State to pay just compensation to the owners and others entitled to claim unclaimed or abandoned property that has been escheated to the State.

44. At a minimum, just compensation requires that the owners and others entitled to claim unclaimed or abandoned property are entitled to receive back from the State the so-called "time value" of their property (that is, interest, dividends, accruals, and other earnings) for as long as the property is in the possession or control of the State or the rate or yield that the State pays for borrowing funds on the open market or from third parties.

45. The State's obligation to pay just compensation for the public use of unclaimed private property does not depend upon whether the property earned interest, dividends, accruals, earnings, investment returns, or other benefits before it was reported or delivered to the State Escheator. That obligation arises from the State's use of private property for public use.

46. The State's temporary taking and use of unclaimed property for public purposes while in the State Escheator's custody constitutes a taking for public use requiring the payment of just compensation under the Fifth Amendment and under Art. I, § 8 of the Delaware Constitution.

47. The State Escheator neither compensates an owner of unclaimed property for lost interest, dividends, or other earnings or accruals on the property after deposit with the State but prior to sale, or the loss of the beneficial use of property, while it is in the State's custody, nor pays just compensation to any owner for the State's use of the private unclaimed property while in state custody.

48. Moreover, the Act expressly prohibits owners of unclaimed property from receiving interest on any property and expressly deprives owners of their right to interest on that unclaimed property:

> no person entitled to or owner of property shall be entitled to receive interest on account of such property from and after the date a report of such property is made to the State Escheator under this chapter whether or not the person was entitled to interest on such property prior to such date.

12 *Del. C.* § 1154(a).

49. The Act does not otherwise provide for the payment of interest, dividends, accruals, earnings, investment returns, and other benefits earned on and from unclaimed property for public purposes while it is held or used by the State as custodian, regardless of the nature of the property.

50. As protected by the Fifth Amendment and Art. I, § 8 of the Delaware Constitution, just compensation means the full monetary equivalent of the property taken from its owner or another who is entitled to the property.

**Plaintiff's Property**

51. According to the State's online records, the State Escheator currently holds

Plaintiff's property in custody. Plaintiff's property consists of a claim of over $50.00 reported by Office Depot Inc.

52. At all times since delivery of Plaintiff's property to the State Escheator, the State Escheator has held that property in custody subject to its being claimed by or on behalf of Plaintiff.

53. While the State Escheator has held Plaintiff's property in custody, pursuant to the Act, the State Escheator has converted the property into cash and has used the property for public purposes, including by investing the property and earning interest, and otherwise using it to fund the State's operations and programs.

54. Under Section 1154 of the Act, 12 *Del. C.* § 1154, should Plaintiff claim his property, the State Escheator will pay Plaintiff a cash payment equal to the total sum of the principal amount of the unclaimed property but will not pay any just compensation to Plaintiff for the State's use of that property during the period of custody.

## CLASS ACTION ALLEGATIONS

55. Plaintiff brings this action on his own behalf and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), seeking declaratory and prospective injunctive relief on behalf of the following class (the "Class"):

> All persons or entities (including their heirs, assignees, legal representatives, guardians, administrators, and successors in interest) who are owners of unclaimed or abandoned property currently held in custody by the State Escheator of the State of Delaware or recovered unclaimed property from the State Escheator at any time since May 1, 2016 (the "Class Period") under the Delaware Unclaimed Property Statute, 12 *Del. C.* § 1130, *et seq*.

56. The members of the Class are so numerous that joinder of all members is impracticable. There are currently hundreds of thousands of persons or entities who own property presumed abandoned and held in custody by the State Escheator under the Act and many thousands of persons or entities who recovered their unclaimed property from the State Escheator during the

Class Period.

57. Upon information and belief, the State Escheator currently holds billions of dollars in unclaimed property in custody, with hundreds of millions of dollars of additional unclaimed property flowing to the State annually.

58. Upon information and belief, the State Escheator currently pays out approximately $125 million in unclaimed property annually to thousands of claimants, and the average amount of each claim is too small to warrant an individual action challenging the constitutionality of the Act, making joinder of all Class members impracticable.

59. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff's property is being held in custody under the Act by the State Escheator and, while in the State Escheator's custody, is subject to the same provisions of the Act that prohibit the State Escheator from compensating Plaintiff and all other owners of unclaimed property for interest or earnings received after deposit with the State Escheator and prior to sale of the property or for use by Defendants of all monies held as unclaimed property.

60. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

61. There are questions of law or fact common to the Class, including the following:

   a. whether the State's use of unclaimed property in its custody for public purposes is a taking for which just compensation is due;

   b. whether the State's retention and use of interest, dividends, and other earnings or accruals on unclaimed property for public purposes is a taking for which just compensation is due;

   c. the amount of interest, dividends, earnings, and other benefit interest,

     dividends, accruals, and other investment returns realized by the State from the use of the Class members' unclaimed property;

    d. whether the Class is entitled to injunctive and declaratory relief and, if so, what injunctive and declaratory relief is appropriate; and

    e. what measure of just compensation for the Class is just and proper.

  62. Plaintiff's claims arise out of the same common course of conduct by Defendants giving rise to the claims of the other members of the Class. Defendants have acted and refused to act on grounds that apply generally to all members of the Class so that injunctive and declaratory relief is appropriate.

  63. Plaintiff anticipates no difficulty in maintaining this action as a class action.

## COUNT I
## CLAIM FOR DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF ON BEHALF OF THE CLASS
**(Unconstitutionality Under Fifth And Fourteenth Amendments)**

  64. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

  65. The Act violates the Fifth and Fourteenth Amendments of the United States Constitution in that it directs that unclaimed property transferred to the custody of the State Escheator must be paid to the State's General Fund and used by the State for public purposes without the payment of just compensation to property owners, upon claiming the property, for the State's public use of that property while in its custody.

  66. Plaintiff and the other members of the Class are entitled to a declaration that the Act violates the Fifth and Fourteenth Amendments of the United States Constitution.

  67. Defendants' unlawful course of conduct will continue absent a declaration from this Court that their conduct violates the constitutional rights of the Plaintiff and the other members

of the Class and an injunction from this Court requiring Defendants to change the course of conduct alleged above.

68. Plaintiffs and the other members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, *et seq.*

## COUNT II
## CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF ON BEHALF OF THE CLASS
**(Unconstitutionality Under Art. I, § 8 of the Delaware Constitution)**

69. Plaintiff realleges and incorporates by reference the foregoing paragraphs above as though fully set forth herein.

70. The Act violates Art. I, § 8 of the Delaware Constitution in that it directs that unclaimed property transferred to the custody of the State Escheator must be paid to the State's General Fund and used by the State for public purposes without the payment of just compensation to property owners, upon claiming the property, for the State's public use of that property while in its custody.

71. Plaintiff and the other members of the Class are entitled to a declaration that the Act violates Art. I, § 8 of the Delaware Constitution.

72. Defendants' unlawful course of conduct will continue absent a declaration from this Court that their conduct violates the constitutional rights of the Plaintiff and the other members of the Class and an injunction from this Court requiring Defendants to change the course of conduct alleged above.

73. Plaintiffs and the other members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, *et seq.*

**WHEREFORE,** Plaintiffs pray that the Court enter judgment in their favor and against Defendant as follows:

A.   certifying this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23(a) and (b)(2) on behalf of the Class defined above and appointing Plaintiff as the Class representative and his counsel as Class Counsel;

B.   declaring that the Act is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution and under Art. I, § 8 of the Delaware Constitution;

C.   declaring that Defendants' confiscation of interest, dividends, accruals, earnings, investment returns, and other benefits earned on and from unclaimed or abandoned property under the Act and the State's use of unclaimed private property for public purposes while in the Defendants' custody are takings of property within the meaning of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 8 of the Delaware Constitution for which the State is required to pay just compensation;

D.   enjoining Defendants from withholding interest, dividends, accruals, earnings, investment returns, and other benefits earned on and from unclaimed or abandoned property when paying just compensation to the owners of the property;

E.   declaring that the proper measure of just compensation is the value of the unclaimed or abandoned property taken and returned to the owner together with interest, dividends, accruals, earnings, investment returns, and other benefits earned on and from the property;

F.   declaring the standard for Plaintiff and the other members of the Class for measuring the just compensation to the owner for the use of the property taken;

G.   declaring that Defendants must pay just compensation according to the standard determined by this Court, and issuing an injunction to ensure that Defendants and the State comply

with that Declaration when returning property to owners of unclaimed property;

      H.      awarding Plaintiff his attorneys' fees and reimbursement of their expenses, pursuant to 42 U.S.C. § 1988 and pursuant to applicable principles of equity and law; and

      I.      awarding such other and further relief as the Court deems just and proper.

Dated: May 6, 2022

**HALLORAN FARKAS + KITTILA LLP**

**Of Counsel:**

Mark C. Rifkin (*pro hac vice* to be filed)
Benjamin Y. Kaufman (*pro hac vice* to be filed)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Ave., 9th Floor
New York, New York 10016
Phone: (212) 545-4600

-and-

Arthur Susman (*pro hac vice* to be filed)
**LAW OFFICE OF ARTHUR SUSMAN**
1540 N. Lake Shore Drive
Chicago, Illinois 60610
Phone: (847) 800-2351

*/s/ James G. McMillan III*
James G. McMillan III (Bar No. 3979)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2103
Fax: (302) 257-2019
Email: jm@hfk.law / wg@hfk.law

*Attorneys for Plaintiff and the Class*